UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) ) ELDON M. MADDEN, ) ) Defendant. ) _____) | CASE NO.   05-235 M  DETENTION ORDER |

Offenses charged:

    Count I:    Distribution of Cocaine Base, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(C);

    Count II:    Possession with Intent to Deliver Cocaine Base, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A).

Date of Detention Hearing: May 16, 2005.

      The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Leonie Grant.

DETENTION ORDER
PAGE -1-

The defendant was represented by Brian Tsuchida.

The Government argued for detention on the grounds of risk of flight and danger to the community.  Pointing to the weight of the evidence, the Government contended that fifty grams of cocaine was on the defendant's person at the time of his arrest.  Furthermore, the Government stated that an interaction between a confidential source (CS) and the defendant resulted in verification that the defendant sold cocaine base to the CS.  Additionally, the Government asserted that 68.9 grams of cocaine base and twenty unidentified blue capsules were later found in the defendant's motel room where he reportedly resided.

The Government claimed that the defendant's character and criminal history give reason for concern when assessing flight risk and danger to the community.  The defendant is presently unemployed, he has a questionable residence, and he has admitted to the use of marijuana, cocaine and ecstasy.  Moreover, the Government reported that the defendant has an extensive criminal history, stemming from his first VUCSA at the age of fifteen to at least three known adult VUCSA's and one felon in possession of a firearm conviction.  The Government submitted that the most egregious indicator of danger is that the defendant continues to deal in drugs.

Finally, the Government maintained that the defendant poses a flight risk given that his convictions make him a career offender which puts his minimum sentence at twenty years, which is great incentive to not show for court.  In the past, he has failed to appear on at least eight occasions; and when served with a warrant in the spring of 2002, he attempted flight.

The defense argued for release of the defendant, noting that the defendant's fiancee was present in the courtroom.  The defense maintained that the defendant is a person who has lived no other place other than King County, having children, friends & family ties in the area.  The defense disputed that the defendant poses a risk of flight, stating he did not

go into hiding.  The defense requested that the Court weigh the seriousness of the instant offense as compared to other drug cases, considering the conduct of the defendant.  The defense maintained that the instant offense is a lower type of offense and therefore merits a release plan, further urging that the defendant is not the biggest drug dealer in town, and that large amounts of money or weapons were not involved.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years.  There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>.  The charges of Distribution and Possession with Intent to Deliver Cocaine Base are serious drug offenses affecting more than personal use.

(b) <u>The weight of the evidence</u>.  Finding fifty grams of cocaine on the defendant's person at the time of his arrest was a part of a drug deal under surveillance, involving cocaine base, between a confidential source and the defendant.  This, in combination with the 68.9 grams of cocaine base and twenty unidentified blue capsules later found in the defendant's motel room, compels the Court to find the claim of ongoing drug transactions as credible.

DETENTION ORDER
PAGE -3-

|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   | (c) | <u>The history and characteristics of the person</u>, including: |
| 3   |     | <u>The person's character, physical and mental condition, family</u> |
| 4   |     | <u>ties, employment, financial resources, length of residence in the</u> |
| 5   |     | <u>community, community ties, past conduct, history relating to drug</u> |
| 6   |     | <u>or alcohol abuse, criminal history, record concerning appearance</u> |
| 7   |     | <u>at court proceedings, and whether at the time of the current</u> |
| 8   |     | <u>offense or arrest, the person was on probation, on parole, on</u> |
| 9   |     | <u>other release pending trial, sentencing, appeal, or completion of</u> |
| 10  |     | <u>sentence of an offense under Federal, State, or local law</u>. |
| 11  |     | Concerning the defendant's flight risk, the Court has not been |
| 12  |     | given reasonable assurance that the defendant will comply with |
| 13  |     | release given his history of failing to appear and admitted |
| 14  |     | substance abuse.  The seriousness of the instant offense, when |
| 15  |     | paired the defendant's criminal history and substance abuse, does |
| 16  |     | support the Government's theory that a danger to the community |
| 17  |     | would persist were the defendant released. |
| 18  | (3) | Based upon the foregoing information, which is consistent with the |
| 19  |     | recommendation of U.S. Pre-trial Services, it appears that there is no |
| 20  |     | condition or combination of conditions that would reasonably assure |
| 21  |     | future Court appearances and/or the safety of other persons or the |
| 22  |     | community. |

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 19th day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -5-