UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　　Plaintiff,

　　　v.

ELDON M. MADDEN,

　　　　　　Defendant.

NO. CR05-213RSL

ORDER DENYING MOTION TO
REDUCE SENTENCE

## I. INTRODUCTION

This matter comes before the Court on defendant Eldon M. Madden's "Motion to Reduce Sentence," Dkt. #47. Defendant requests a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses. For the reasons set forth below, the Court denies defendant's motion.

## II. DISCUSSION

**A. Background**

Defendant pleaded guilty to possession of cocaine base with intent to distribute pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C). In the plea agreement, "the parties acknowledge[d] and agree[d] that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing should be within the range of 120 to 160 months." Dkt. 30 at 5. On December 1, 2005, the Court determined that defendant's Total Offense Level was 31

ORDER DENYING MOTION TO
REDUCE SENTENCE - 1

1  and his Criminal History Category was VI.  See Dkt. #39 at 26.  Because the Court found
2  defendant to be a career offender, his guidelines range was 188 to 235 months.  Id.  However, in
3  imposing its sentence, the Court accepted the plea agreement and sentenced defendant to 120
4  months imprisonment.  See id. at 29; Dkt. #38 at 2.

In 2007, the United States Sentencing Commission issued Amendment 706, lowering the base offense level for cocaine base offenses under U.S.S.G. § 2D1.1, and applied the amendment retroactively.  Defendant now asks the Court to modify his sentence in light of Amendment 706.

**B. Analysis**

Under the Sentencing Reform Act, the Court may reduce the term of imprisonment "in the case of a defendant who has ben sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  When an amendment to the guidelines has no effect on a defendant's sentencing range, a motion for a reduced sentence under § 3582(c)(2) is properly denied.  United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996).

Because Amendment 706 does not affect defendant's sentencing range, the Court lacks discretion to reduce his sentence under § 3582(c)(2).  Defendant's sentence was not "based on" a guidelines range "that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. §3582(c)(2).  Instead, it was based on a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.  Once the Court accepted the plea agreement, it was bound to impose a sentence within the agreed-upon range, and the Court must adhere to that sentence irrespective of any subsequent amendments to the guidelines.  See, e.g., United States v. Trujeque, 100 F.3d 869, 869 (10th Cir. 1996) ("[B]ecause [defendant] entered a plea agreement specifying a term of imprisonment pursuant to Fed. R. Crim. P. 11(e)(1)(C) [now Rule 11(c)(1)(C)], he may not seek a reduction in his sentence via 18 U.S.C. § 3582(c)(2)."); United States v. Johnson, No. 05-40107-01-RDR, 2008 WL 4758581, at *1 (D. Kan. Oct. 27, 2008) ("Because the parties entered into an

agreement under Rule 11(c)(1)(C) . . ., the court is bound by the previously imposed term [of imprisonment]."); United States v. Hines, No. 3:02-CR-141, 2008 WL 2169516, at *2 ("[B]ecause the defendant in this case was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, Amendment 706 does not lower his sentencing range and the Court does not have the authority to reduce his sentence pursuant to 18 U.S.C. § 3582."); United States v. Frazier, No. CR02-0056-LRR, 2008 WL 2036827, at *1 (N.D. Iowa May 8, 2008). Defendant's suggestion that the agreed-upon range was itself based on the Sentencing Guidelines is unavailing. Even if the range in the plea agreement was informed by the guidelines, defendant's 120-month sentence is *directly* based on the Rule 11(c)(1)(C) plea; its indirect connection to the Sentencing Guidelines is not enough to trigger the Court's discretion under § 3582. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea."); United States v. Peveler, 359 F.3d 369, 379 (6th Cir. 2004) (holding that the district court is precluded from altering a Rule 11(c)(1)(C) plea agreement "despite the retroactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant's sentence"); cf. United States v. Clayborn, No. 1:CR-05-51-01, 2008 WL 2229531, at *2 (M.D. Pa. May 28, 2008) ("While the applicable guidelines range may have been a factor affecting [defendant's] decision to enter into a plea agreement, this does not mean that he is eligible for relief under section 3582.").[1]

Finally, even if the Court had the discretion to reduce defendant's sentence, it would not do so. The Court recognizes that defendant's conduct while incarcerated has been exemplary; defendant has proven his commitment to improving his education and acquiring the skills that will serve him well upon release. Defendant's admirable success while in prison only confirms

---

[1] Because the Court denies the motion based on the Rule 11(c)(1)(C) plea agreement, the Court need not decide whether defendant's career offender status also precludes a sentence reduction under 18 U.S.C. § 3582(c)(2).

ORDER DENYING MOTION TO
REDUCE SENTENCE - 3

that the Court was right to impose a sentence at the lowest end of the agreed-upon range. The Court finds that the original sentence was the correct one.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to reduce his sentence (Dkt. #47) is DENIED.

DATED this 17th day of November, 2008.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
REDUCE SENTENCE - 4